D. RICHARD VOGES, COUNTY ATTORNEY, V. GEORGE H. SHEPPARD, COMPTROLLER.

No. 6052.   Decided February 7, 1934.
(67 S. W., 2d Series, 856.)

*M. D. Jones,* of San Antonio, for relator.

*James V. Allred,* Attorney General, *Bruce W. Bryant* and *Homer C. DeWolfe,* Assistants Attorney General, for respondent.

The law providing for a salary and a per diem for district attorneys in judicial districts composed of two or more counties, a county attorney in such a district representing the State in a habeas corpus case, at the request of and in the absence of the district attorney, would not be entitled to receive from the State the fees provided in Article 1025, Code of Criminal Procedure, 1925, for his services. McLennan County v. Boggess, 104 Texas, 311, 137 S. W., 346; McCalla v. City of Rockdale, 112 Texas, 209, 246 S. W., 654; State ex rel Harrison v. Patterson, 152 Mo. App., 264, 132 S. W., 1183; Lewis' Sutherland Statutory Construction (2 Ed.), vol. 2, sec. 714, p. 1298.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The relator, D. Richard Voges, has petitioned the Supreme Court for the writ of mandamus to compel the respondent, George H. Sheppard, State Comptroller, to recognize the claim of the relator for certain fees, and to issue a state warrant to pay same. The facts are these: Relator is the County Attorney of Wilson County, which county is embraced in a judicial district of two or more counties. In the year 1931, the relator, at the request of the district attorney of said district, assisted the latter in the prosecution of certain felony cases in the District Court in Wilson County, in which cases convictions for felonies were obtained, and such judgments of convictions became final. The relator also, during said year, at the request of the district attorney and in his absence, represented the State in a certain habeas corpus case, before the judge of said court, which case involved a felony. For his services in assisting the district attorney in the prosecution of the felony cases, the relator claims in each case one-half the fee provided in Article 1025 of the Code of Criminal Procedure for the conviction of a defendant in a felony case; and for his services in the habeas corpus case, the relator claims the fee in that respect as provided in said article of the statutes. The only question in the case has reference to the alleged right of the relator to

receive payment from the State for the services performed by him in the respects above stated. This calls for an interpretation of certain existing statutes.

For the sake of convenience, the pertinent statutes will be set out as they appeared in the Code of Criminal Procedure as adopted in the year 1925. For, so far as material to a decision in this case, there has been no change by any subsequent legislation. The statutes to which we refer provide as follows:

By Article 25, it is made the duty of the district attorney to represent the State in all criminal cases, in the district court, except in those instances where he is disqualified, and also to represent the State in any criminal proceeding before the judge of such court, upon habeas corpus, except in contingencies stated.

Article 26 provides: .

"The county attorney shall attend the terms of all courts in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone, or when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court, and in such cases he shall receive all or one-half of the fees allowed by law to district attorneys, according as he acted alone or jointly."

Article 1025 provides:

"In each county where there have been cast at the preceding presidential election 3000 votes or over, the district or county attorney shall receive the following fees:

"For all convictions of felony when the defendant does not appeal, or dies or escapes after appeal and before final judgment of the appellate court, or when the judgment is affirmed on appeal, twenty-four dollars for each felony other than felonious homicide, and forty dollars for each such homicide.

"For representing the State in each case of habeas corpus where the applicant is charged with felony, sixteen dollars.

"In each county where less than 3000 such votes have been so cast, such attorney shall receive thirty dollars for each such conviction of felony other than homicide, and fifty dollars for each such conviction of felonious homicide, and twenty dollars for each such habeas corpus case."

Article 1021 provides:

"District attorneys in all judicial districts composed of two counties or more shall receive from the State as pay for their services the sum of five hundred dollars per annum, and in addition thereto shall receive the sum of fifteen dollars for each

day they attend the session of the district court, in their respective districts in the necessary discharge of their official duty, and fifteen dollars per day for each day they represent the State at examining trials, inquest proceedings and habeas corpus proceedings in vacation; * * * All commissions and fees allowed district attorneys by law, in districts composed of two or more counties shall, when collected, be paid to the district clerk of the county of his residence, who shall pay the same over to the State Treasurer."

■■ It is at once apparent that a purpose of Article 1025 was to respond to the call of Article 26 for compensation to the county attorney for the services prescribed by the latter statute as a subject for compensation. There is little doubt that in naming that officer, along with the district attorney, as a beneficiary of the fees prescribed in Article 1025, the Legislature had in immediate contemplation the provisions of the other article regarding the compensation of the county attorney in felony trials, and which, in express terms limit such compensation to "fees allowed by law to district attorneys." It is thus seen that the right of the relator to fees in cases of felony convictions, as prescribed in Article 1025, depends on whether such fees are allowed to the district attorney of the district which embraces Wilson County. That said district attorney is not allowed said fees, is plaintiy disclosed by the provisions of Article 1021. For the last named article provides, in substance, that a district attorney, in a district composed of two or more counties, shall receive a per diem compensation, depending upon his attendance upon the session of the court in the necessary performance of his official duty. This compensation does not depend on the number of cases tried, or the result achieved, and excludes all other compensation except his annual salary.

In regard to compensation for the county attorney in habeas corpus cases, the situation is materially the same as the other. Except Article 1025, there is no statute which provides compensation for that officer in a habeas corpus case involving a felony, and, as we have seen, the statute mentioned relates exclusively to services for which the district attorney, if he, instead of the county attorney, performed them, would be entitled to receive the fees there provided.

We recommend that the writ of mandamus be refused.

The opinion of the Commission of Appeals is adopted and the mandamus refused.

C. M. Cureton, Chief Justice.